## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | MDL Docket No. 3115<br>No. 1:24-md-3115-TWT |

## STIPULATED PROTECTIVE ORDER

### I.    PURPOSES AND LIMITATIONS

The parties believe that disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting and/or defending this litigation may be warranted.  The information subject to disclosure and discovery activity in this action also may involve higher privacy and data security risks than in a typical case.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (also referred to as "Order" or "Protective Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.    DEFINITIONS

A.    **"Appointed Counsel"** means those attorneys appointed by the Court to lead the litigation on behalf of Plaintiffs (i.e., lead counsel, liaison counsel, and steering committee members, and the attorneys and staff at their firms), and counsel of record for Defendants LexisNexis Risk Solutions Inc. ("LNRS"), General Motors, LLC ("GM"), OnStar, LLC ("OnStar"), Verisk Analytics, Inc. ("Verisk") and their firms.

B.    **"Confidential Information"** means information:

1.    that may reveal a trade secret or other confidential research, development, or financial information;

2.    that may reveal information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use;

3.    that contains information that reveals personally identifiable information, as defined below, or personal or private financial information; or

4.    any other material that is confidential pursuant to applicable law.

C.    **"Confidential –Attorneys' Eyes Only Information"** means information that could cause injury or harm, including competitive harm, if disclosed to an unauthorized person, including, but not limited to, trade secrets, research and development, financial information, personnel files, PII, and information over which the Producing Party has a duty or obligation to maintain confidentiality, including

2

but not limited to by operation of contract or of federal, state, or foreign data protection laws such as, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data.

D.      **"Confidential – Outside Attorneys' Eyes Only Information"** means information of which disclosure to in-house counsel or other employees could provide a competitive disadvantage or cause significant harm.  This includes but is not limited to, business strategies, pricing information, market analyses, product development plans, proprietary technical data, competitively sensitive information,

corporate network security details, data security, other security information, proprietary corporate network information, competitively sensitive financial and pricing information, business strategies or any other information the disclosure of which to in-house counsel or other employees could provide a competitive disadvantage or cause significant harm.[1]

---

[1]     The parties reserve the right to seek additional protections and/or to negotiate an additional protective order if necessary for certain information relating to a

E.      **"Personally Identifiable Information" (PII),** for purposes of this Order, includes, but is not limited to: payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

The parties recognize that other personal data (*e.g.*, name, citizenship, birth date, spousal and familial information), particularly in combination with one another, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with other information.

F.      **"Producing Party" or "Designating Party"** means the party or third party that produced the Protected Material as defined below.

G.      **"Privileged Material"** means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege, protection or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

---

party's corporate network security details, data security, other security information, or proprietary corporate network information.

H.      **"Protected Material"** means any document or information which has been designated as "Confidential Information," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only," pursuant to this Protective Order.  Documents that quote, summarize, or contain information designated as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," (*e.g.*, discovery responses, transcripts, and court filings) may be accorded status as Protected Material, but, to the extent reasonably feasible, shall be prepared in such a manner that the "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," is provided separately from that not entitled to protection.

## III.    DESIGNATING PROTECTED MATERIAL

A.      The Producing Party has an obligation to stamp documents "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," in good faith and must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Parties shall make "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," designations in good faith.  Any such designation may be withdrawn by the Designating Party.

B.      The Producing Party must designate for protection only documents or oral or written communications that qualify.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

C.      Third parties producing documents in the course of this action may also designate documents as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," subject to the same protections, obligations, and constraints as the parties to the action.  A copy of this Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by any subpoenaed third parties shall be treated as "Confidential – Outside Attorneys' Eyes Only Information" for a period of fourteen business days from the date of their receipt, and during that period any party or the third party may designate such documents as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," pursuant to the terms of the Protective Order.

6

## IV.   SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations or presentations by parties or their counsel that might reveal Protected Material.

B.    The protections conferred by this Stipulated Protective Order do not cover the following information: (i) any information that is part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, (ii) material, which on its face shows or which, through other evidence, the Receiving Party can show has been published to the general public; (iii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (iv) information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (v) information which, after its disclosure to a Receiving Party, is published to the general public by a party having the right to publish such information; (vi) information that the Receiving Party can show by written record

was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (vii) information that was submitted to a governmental entity without request for confidential treatment.

C.    Any use of Protected Material at trial or at any hearing in this litigation shall be governed by a separate agreement or order.

## V.    NON-DISCLOSURE OF PROTECTED MATERIAL

A.    Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a non-Producing Party to any person, except as described below.  Further, Protected Material may not be disclosed to putative class members under any circumstances.  Protected Material may not be disclosed to named plaintiffs other than as expressly provided in this Section V.

B.    Protected Material designated as "Confidential Information" may be disclosed by a non-Producing Party only to:

1.    The parties, including the named plaintiffs, their officers, directors, and employees, but only to the extent reasonably necessary to provide assistance with the litigation, and Appointed Counsel for the parties in all cases in *In re: Consumer Vehicle Driving Data Tracking Collection,* Case No. 1:24-md-3115-TWT, including the in-house lawyers of such parties, Appointed Counsel and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, only to the extent reasonably necessary to render professional services in this litigation, and for use exclusively in these actions (and for no other purpose).

8

2. Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation;

3. Persons shown on the face of the document to have authored or received it;

4. Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and for no other purpose;

5. Witnesses during depositions and trial, who have previously been asked to sign the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

6. Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have previously been asked to sign the Acknowledgment;

7. Consultants or experts retained for the purpose of assisting Appointed Counsel in this litigation who have previously executed the Acknowledgment and who are not current employees of a competitor of a party and have not, at the time of retention, agreed to become an employee of a competitor of a party; and

8. Electronic discovery or litigation support providers retained specifically for this litigation who intend to use the Confidential information exclusively in this action and who have previously executed the Acknowledgment.

C. Protected Material designated as "Confidential – Attorneys' Eyes Only Information" may be disclosed by a non-Producing Party only to:

1. Persons designated in paragraphs B(2)-(4), as well as Appointed Counsel, and the in-house lawyers of such parties and the partners, associates, contract attorneys, secretaries, paralegal

9

assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in this litigation. For the avoidance of doubt, Named Plaintiffs are not permitted to access Protected Material designated as "Confidential – Attorneys' Eyes Only Information" or "Confidential – Attorneys' Eyes Only – Security Sensitive Information." This rule applies regardless of whether such Named Plaintiffs have a law degree or are otherwise licensed to practice law.

2. Persons designated in paragraphs B(5)-(8), after they have signed the Acknowledgement and only to the extent it is reasonably necessary and only for purposes of this litigation and for no other purpose.

A recipient of Protected Material shall exercise due care to restrict access to those persons described above.

D. Protected Material Designated as "Confidential – Outside Attorneys' Eyes Only Information" may be disclosed by a non-Producing Party only to:

1. Appointed Counsel and the attorneys, paralegals, secretaries, and other staff employed by such counsel, to the extent reasonably necessary to render professional services in the litigation and for use exclusively in this this litigation;

2. Persons designated under paragraphs (B)(2), (B)(3), (B)(4), (B)(5), and (B)(7). However, for witnesses under (B)(5) that are not employees of the Producing Party, the Receiving Party must alert the Producing Party of their intent to disclose Confidential – Outside Attorneys' Eyes Only to the non-employee witness two (2) business days in advance of the deposition.

3. Persons designated in paragraph (B)(8), after the have signed the Acknowledgement and only to the extent it is reasonably necessary and only for purposes of this litigation and for no other purpose.

E.    Counsel for all persons receiving "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," in accordance with paragraphs (B)(5)-(B)(8), shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgment executed by the person to whom the counsel discloses the "Confidential Information," "Confidential – Attorneys' Eyes Only Information," and/or "Confidential – Outside Attorneys' Eyes Only Information." Each non-party witness to whom "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," is disclosed shall be advised that the Court has entered a Protective Order to limit disclosure of "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," be provided a copy of the Protective Order, and be asked to sign the Acknowledgment. If a non-party witness has refused to sign the Acknowledgment, advising the witness of the matters in the immediately preceding sentence on the record shall serve as a substitute for the signing of the Acknowledgment and shall permit examination of the witness regarding documents or other information containing "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information." Notwithstanding a witness's refusal to sign the Acknowledgment, any "Confidential Information," "Confidential –

11

Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," disclosed to the witness and any discussion of that information at the deposition shall maintain their status as Protected Material.

F.      Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information." A recipient shall not duplicate any Protected Material except for use as working copies and for filing in this Court.

G.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to those persons described and authorized above. Receiving parties shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care. Receiving parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction. If a data breach that includes Protected Material occurs or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall immediately report such incident to the Producing Party, describe the Protected Material accessed, and use

12

best efforts to return to the Producing Party the Protected Material accessed. The Producing Party and Receiving Party shall cooperate to address and remedy the breach. In no event is a Producing Party ceding notification or remedial rights in the event of a breach. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," A recipient shall not duplicate any Protected Material except for use as working copies and for filing in this Court.

## VI.   DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

A.    Any part may request a change in the designation of any information designated as "Confidential Information," or "Highly Confidential Information."

B.    Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

C.    The party challenging a confidentiality designation shall identify each challenged document by Bates number or otherwise specifically describe the

13

document challenged and set forth the specific reasons why it does not believe the confidentiality designation is appropriate.

D.      Within thirty days of a challenge to a designation, the party asserting confidentiality must move the Court for relief. Counsel for each party shall meet and confer within fourteen days of a challenge to limit the scope of any issues requiring resolution by the Court. To that end, the parties shall identify exemplar documents for the Court's review, a ruling on which will allow the parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.The party asserting confidentiality and the party challenging confidentiality may extend the deadlines set forth in this paragraph by mutual agreement.

## VII. "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," AND "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" IN DEPOSITIONS

A.      If a party, the current employee of a party, or anyone represented by counsel for a party, is noticed for deposition, that party's counsel is responsible for providing a copy of this Order to the witness and obtaining the witness's signature on the Acknowledgment prior to the deposition. If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

B.      Parties and deponents may, within thirty days after receiving the completed deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," by underlining or otherwise designating the portions of the pages that are confidential.  (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation.)  The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER," and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, the entire deposition transcript will be treated as Confidential – Attorneys' Eyes Only pursuant to this Protective Order.

C.      All paper copies of "Confidential – Attorneys' Eyes Only Information" or "Confidential – Outside Attorneys' Eyes Only" brought to the deposition shall be returned to the Producing Party and securely destroyed in a timely manner following

15

the deposition. The Parties are further instructed to use their best efforts to limit the introduction of such material at any deposition. During the time period that any witness is being examined on "Confidential – Attorneys' Eyes Only Information" or "Confidential – Outside Attorneys' Eyes Only" attendance at the deposition shall be limited to Appointed Counsel, any court reporter or videographer, and the witness being examined.

D.     During any deposition each party shall restrict the display of co-party documents to only those documents that are directly necessary for the purpose of examination at hand.

## VIII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

If a party receives a subpoena or other legal process which calls for disclosure of any Protected Material designated as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," by another party, then the party from whom disclosure is sought shall within seven days give written notice (including a copy of such subpoena or other legal process) to counsel for the Designating Party, and shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until twenty-one days after providing notice to the Designating Party.

## IX.   FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

Any document, material or other information entitled to protection under this Order that is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding in this action must be designated as "PROVISIONALLY SEALED" and electronically filed in the CM/ECF electronic filing system as a "Provisionally Sealed" pleading in accordance with the procedures set forth in the Local Civil Rules Appendix H, Paragraph J for filing documents under seal in civil cases, and any further procedures established by this Court by Court Order.

Any documents submitted to the Court as Provisionally Sealed will not be available for public viewing. These documents shall only be available for viewing by Court personnel and Appointed Counsel for the parties and shall be subject to the restrictions on "Confidential Information,"  "Confidential – Attorneys' Eyes Only Information," and "Confidential – Outside Attorneys' Eyes Only Information" documents under this order, as applicable.   If a filing designated as "PROVISIONALLY SEALED" is submitted to the Court in support of a pleading, the filing party shall contemporaneously serve the document containing the information designated as "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information,"  on counsel for the opposing party.  Such information shall maintain

17

its Provisionally Sealed status for fourteen days. During that fourteen- day period, the party asserting confidentiality may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The time period for this motion may be extended by agreement of the parties or by leave of Court. A copy of the motion must be delivered to chambers (or to any Special Master duly appointed by the Court to review such materials) and accompanied with appropriate markings to identify the text, materials or information for which continued protection is warranted. The motion for continued protection shall set forth the reasons why the information should not be disclosed in a public filing. Once a motion has been filed for continued protection, the filing shall retain its Provisionally Sealed status until the Court or Special Master rules on the motion. If the Designating Party does not timely file such a motion for continued protection, the Designating Party will be deemed to have waived its confidentiality designations for the "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," contained in the filed document, and the Provisionally Sealed status will be removed and the document will be available to the public. In the event the Court continues protection of Provisionally Sealed documents, such documents will be viewable only by Court personnel and Appointed Counsel for the parties and shall remain subject to the restrictions applicable "Confidential Information," "Confidential –

18

Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," under this order, as applicable.

B.      The parties are instructed to use their best efforts to limit the filing of "Confidential Information," "Confidential – Attorneys' Eyes Only Information," and "Confidential – Outside Attorneys' Eyes Only Information," under seal to those situations where such filing is necessary to the resolution of a motion or other matter before the Court.  Filing of "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," under seal imposes a burden on the Court and should be avoided where possible.

C.      A party who seeks to introduce protected material at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.  In light of the burden that the introduction of designated material imposes upon the Court, the parties are instructed to confer at least three business days in advance of any hearing, trial, or other proceeding regarding the intended use of protected material and to also use their best efforts to limit the introduction of such material and the continued designation of such material as confidential in the event its introduction is necessary.  If the party who designated the information as protected requests the

protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

D.    In the event any case is remanded, Protected Material shall be filed under seal in the transferor court according to the Electronic Case Filing procedures and other applicable rules of the transferor district and shall remain restricted in the Clerk's office of the transferor court so long as they retain their status as Protected Material.

## X.    PROPER USE OF PROTECTED MATERIAL

Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this litigation only—including appeals and retrials—and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## XI.    NON-TERMINATION

The provisions of this Protective Order shall not terminate at the conclusion of this MDL proceeding or any or all the individual actions coordinated or consolidated therein. Upon written request, within 90 days after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record) and information integrated into work product shall be returned to the Producing Party or destroyed. Final disposition, for purposes of this Order,

is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Notwithstanding the foregoing, counsel for all parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 100 days after final termination of this and all related litigation.

## XII.   NON-WAIVER OF PRIVILEGES

A.      This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d).  Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information ("Discovery Material") in this action, other than a Used Document as defined in Section XIII.E below.  To allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.

B.      In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material other than Used Document as defined in Section XIII.E below, shall not be deemed to waive—

in this litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of the manner of disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production.

If a party identifies discovery material that appears on its face to be Privileged Material belonging to another party or non-party, the identifying party is under a good-faith obligation to promptly notify that other party or non-party. Such notification shall not waive the identifying party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that party or non-party shall notify the receiving Party of its assertion of privilege within ten days of receiving the identifying party's notification of potentially Privileged Material. Nothing in this Stipulation and Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the disclosing Party that such Privileged Material has been produced.Except for a Used

22

Document as defined in Section XIII.E below, a party shall not make any arguments or file any motions asserting that the producing party has intentionally waived a privilege or protection with respect to Privileged Material as a result of its disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production.

C.     The parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulation and Order.

## XIII. CLAWBACK OF DISCLOSURE

A.     A Producing Party that determines that it made a disclosure of "Confidential Information," "Confidential – Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only Information," or Privileged Material in this litigation shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

1.     In the case of Privileged Material, (i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection; (ii) if the Receiving Party does not challenge the assertion, return, sequester, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and (iii) if the Receiving Party does not challenge the assertion, destroy or sequester any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or

2.     In the case of a "Confidential Information" or "Confidential – Attorneys' Eyes Only Information," document, mark it and all

copies "CONFIDENTIAL INFORMATION — SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – INFORMATION – SUBJECT TO PROTECTIVE ORDER," INFORMATION – SUBJECT TO PROTECTIVE ORDER" and treat the document as Protected Material under the terms of this Order. A party may sequester a Document if challenging a clawback request.[2]

3.    Except for a Used Document as defined in Section XIII.E below, in the case of Privileged Material and Protected Material that has been filed on a court docket or in other public records, immediately request the withdrawal and removal of any such material from where it was previously filed or submitted.

Upon Request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that all of the disclosed discovery has been returned, sequestered, or destroyed subject to the terms of this paragraph. However, the Receiving Party must sequester any discovery item claimed to be Privileged Material if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected.

If any produced Protected Material or Privileged Material has been provided to a non-party by a non-Producing Party, the non-Producing Party will use all

---

[2]    Copies of disclosed Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to return, destroy or re-sequester the restored disclosed Protected Material or Privileged Material.

reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Protected Material, including reminding the non-party of its obligation to adhere to the terms of this Protective Order that non-party agreed to by executing the Acknowledgement attached as Exhibit A.

B.    A notice of disclosure shall apply to all copies of the document disclosed.

C.    If a Receiving Party disputes the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within fourteen days of receipt of the notification of produced Privileged Information. However, to the extent that a Producing Party seeks to claw back more than 100 documents within a seven-day period, the Receiving Party shall be provided an additional ten days to review such documents and dispute the privilege claims asserted over them. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten days. In the event that the Producing Party and Receiving Party do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within ten days of the determination that no resolution will be achieved. If such a motion is made, the moving party shall submit to the

25

Court for *in camera* review a copy of the produced Privileged Information in connection with its motion papers.

D.      A party is not precluded by this Stipulation and Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulation and Order.

E.      Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action (with the exception of a motion pursuant to Section XIII.C. of this Order, that a Producing Party does not claw back within 10 days of its use, ("Used Document") shall not be eligible for clawback of that document under Sections XIII. A-C of this Stipulated Protective Order.  Such ineligibilty for clawback of that document under Sections XIII. A-C of this Order shall not result in a subject matter waiver in any other state or federal proceeding.  The Producing Party reserves its rights to utilize FRE 502(b) and the Receiving Party reserves its rights under FRE 502(b), including but not limited to establishing whether and to what extent a court order recognizing waiver of privilege under FRE 502(b) with respect to a document effects a subject matter waiver.

F.     Nothing in this Stipulation and Order is intended to preclude either party from seeking fees or expenses associated with the unreasonable or excessive clawback of documents.

## XIV.  ARTIFICIAL INTELLIGENCE

Protected Material shall not be submitted to any open Generative AI tool that is available to the public.  Before submitting any Protected Material to a closed, enterprise Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Protected Material from the Generative AI tool at the conclusion of this matter, including any derivative information.   Consistent with Section XI above, a Receiving Party shall provide written confirmation of such deletion or destruction of any information from a Generative AI tool to counsel for the Designating Party.

## XV.  MODIFICATION PERMITTED

Any party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other

pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

SO ORDERED this __14th__ day of January 2025.


The Honorable Thomas W. Thrash, Jr.
United States District Court
Northern District of Georgia

Consented to by:

/s/ *John R. Bevis*

John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel: (770) 227-6375
bevis@barneslawgroup.com

/s/ *Norman E. Siegel*

Norman E. Siegel, MO Bar No. 44378
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

*MDL Co-Lead Counsel*

Bryan L. Clobes
**CAFFERTY CLOBES
MERIWETHER & SPRENGEL
LLP**
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com

Amy Keller
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
akeller@dlcfirm.com

*OnStar Track Co-Lead Counsel*

Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT
LAW LLP**
230 Park Avenue, 24th Floor
New York, New York 10169
Tel: (212) 223-4478
jguglielmo@scott-scott.com

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com

*LNRS/Verisk Track Co-Lead Counsel*

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: (805) 270-7100
Kgrombacher@bradleygrombacher.com

Emily E. Hughes
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

P. Graham Maiden
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9670
gmaiden@motleyrice.com

Thomas E. Loeser
**COTCHETT, PITRE &
MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA  98103
Tel: (206) 802-1272
tloeser@cpmlegal.com

Adam E. Polk
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
apolk@girardsharp.com

John A. Yanchunis
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

*OnStar Track Steering Committee*

Gayle M. Blatt
**CASEY GERRY SCHENK
FRANCAVILLA BLATT &
PENFIELD, LLP**
110 Laurel Street
San Diego, California 92101
Tel: (619) 238-1811
gmb@cglaw.com

Stuart A. Davidson
**ROBBINS GELLER RUDMAN &
DOWD LLP**
225 NE Mizner Blvd., Suite 720
Boca Raton, Florida 33432
Tel: (561) 750-3000
sdavidson@rgrdlaw.com

Jennifer M. French
**LYNCH CARPENTER, LLP**
1234 Camino Del Mar
Del Mar, California 92014
Tel: (619) 762-1903
jennf@lcllp.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, New Jersey 07645
Tel: (201) 391-7000
ggraifman@kgglaw.com

Chris Springer
**KELLER ROHRBACK LLP**
801 Garden Street, Suite 301
Santa Barbara, California 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

*LNRS/Verisk Track Steering Committee*

M. Brandon Smith
**CHILDERS, SCHLUETER & SMITH LLC**
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Tel: (404) 419-9500
bsmith@cssfirm.com

*Plaintiffs' Liaison Counsel*

/s/ Susan M. Clare
David L. Balser, GA Bar No. 035835
Susan M. Clare, GA Bar No. 262830
John C. Toro, GA Bar. No. 175145
Paige L. Burroughs, GA Bar No. 930167
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-4600
dbalser@kslaw.com
sclare@kslaw.com

/s/ *Jasmeet K. Ahuja*
Jasmeet K. Ahuja
**HOGAN LOVELLS US LLP**
1735 Market Street, Floor 23
Philadelphia, PA 19103

*Counsel for Defendant Verisk Analytics, Inc.*

*Counsel for Defendants General Motors
LLC and OnStar, LLC*


/s/ *Ronald I. Raether, Jr.*
Ronald I. Raether, Jr.
**TROUTMAN PEPPER LOCKE LLP**
100 Spectrum Center Drive
Suite 1500
Irvine, California 92618
Tel: (949) 622-2700
ron.raether@troutman.com

Julie Hoffmeister Smith
Timothy J. St. George
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point
Richmond, Virginia 23219
Tel: (804) 697-1200
julie.hoffmeister@troutman.com
timothy.st.george@troutman.com

Cindy D. Hanson
**TROUTMAN PEPPER LOCKE LLP**
*600 Peachtree Street, N.E., Suite 3000*
Atlanta, Georgia 30308
Tel: (404) 885-3000
cindy.hanson@troutman.com


***Attorneys for Defendant LexisNexis Risk Solutions Inc.***

**ATTACHMENT A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Protective Order dated _____, 2024, filed in *In re:* Consumer Vehicle Driving Data Tracking Collection, Case No. 1:24-md-3115-TWT, currently pending in the United States District Court for the Northern District of Georgia. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only – Security Sensitive Information" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty days after final termination of this action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only – Security Sensitive Information" and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain "Confidential Information," "Confidential – Attorneys' Eyes Only Information," "Confidential – Outside Attorneys' Eyes Only Information," or "Confidential – Outside Attorneys' Eyes Only – Security Sensitive Information".

I submit myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

This _____ day of _____, 2024.


_____
Signature